UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPENCER L. BRIGGS,

    Plaintiff,

v.                                        Case No. 3:23-cv-1057-MMH-MCR

PETE M. SPURLOCK, et al.,

    Defendants.

_____

## ORDER

Plaintiff Spencer L. Briggs, a pretrial detainee at the Columbia County Jail, initiated this action on August 28, 2023, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) under 42 U.S.C. § 1983 with exhibits (Doc. 1-1). Briggs names as Defendants: (1) the Columbia County Sheriff's Office; (2) Sheriff Mark Hunter; (3) Deputy Cody L. Woods; (4) Deputy Christopher Alford; and (5) Deputy Pete M. Spurlock. Complaint at 1–3. Briggs alleges that on March 10, 2023, Deputies Alford and Spurlock stopped his vehicle based on a "false hearsay 911 call" that he was harassing his fiancée. Id. at 5; see id. at 12–13. According to Briggs, Deputies Alford and Spurlock failed to identify themselves as law enforcement and tased Briggs in the neck when he exited his vehicle. Id. at 5, 13. Briggs asserts that they tased him six more times, punched him, and choked him. Id. at 4–5. He contends Defendants

violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Id. at 3. As relief, Briggs requests "justice from the Columbia County Sheriff's Office" and "between $1,000,000 to $10,000,000" in damages. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district

---

[1] Briggs requests to proceed as a pauper. See Motion (Doc. 2).

2

judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397,

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

4

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Briggs's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air

5

Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709)).

Here, Briggs's Complaint fails to state a plausible § 1983 claim. The Columbia County Sheriff's Office is not an entity subject to suit. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued.").[3] As such, Briggs's claim against it is due to be dismissed. Briggs also sues the remaining Defendants—Deputies Woods, Alford, Spurlock, and Sheriff Hunter—in their official capacities only. The purpose of suing a government official in his or her individual capacity is to impose personal liability for actions taken under color of state law. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., 402 F.3d 1092, 1115 (11th Cir. 2005) (quoting Kentucky v. Graham, 473 U.S. 159, 165–66 (1985)). Suing a government official in an official capacity, on the other hand, is an alternative way to assert a claim against the entity he or she represents, which in this case

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

would be the Sheriff, or more appropriately, the County. Id. Since Briggs sues the Sheriff in his official capacity, the official-capacity suits against Deputies Woods, Alford, and Spurlock are duplicative and should be dismissed. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (affirming directed verdict in favor of officers in their official capacities where the municipality was also a named defendant to avoid redundancy and confusing the jury); see also C.P. by and through Perez v. Collier Cnty., 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015) (dismissing similar claims).[4] The Court will consider Sheriff Hunter's official capacity liability in the context of those cases discussing county and municipal liability under § 1983.

To the extent that Briggs seeks to hold Columbia County through Sheriff Hunter vicariously liable for the actions or omissions of the employees responsible for Briggs's alleged injury, Briggs has failed to state a claim upon which relief can be granted. The United States Supreme Court has soundly rejected the theory of respondeat superior as a basis for liability in § 1983 actions. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658 (1978). Instead,

---

[4] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

a county or municipality may be liable in a § 1983 action "only where the municipality <u>itself</u> causes the constitutional violation at issue." <u>Cook ex rel. Estate of Tessier</u>, 402 F.3d at 1115 (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. <u>See</u> <u>Monell</u>, 436 U.S. at 693–94. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." <u>Sewell v. Town of Lake Hamilton</u>, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the <u>municipality</u> from acts of <u>employees</u> of the municipality, and thereby make clear that municipal liability is limited to action <u>for which the municipality is actually responsible</u>.'" <u>Grech v. Clayton Cnty.</u>, 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (en banc) (quotation omitted). Indeed, municipal liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989) (quoting <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 483–84 (1986)). A municipality will rarely have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under

8

§ 1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489.

In some circumstances, "the failure to provide proper training may fairly be said to represent a policy for which the city may be held liable if it actually causes injury." City of Canton, 489 U.S. at 390. Failure to train can lead to municipal liability "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 388-89 (alteration added). Thus, in order to assert such a claim, a plaintiff must "present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). The Eleventh Circuit has repeatedly held that "without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law

9

for any failure to train or supervise." Id. at 1351. Indeed, "the need for such training must be plainly obvious to [County] decisionmakers," such as where there is "evidence of a history of widespread prior abuse." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990) (alteration added); see also Rocker v. City of Ocala, 355 F. App'x 312, 314 (11th Cir. 2009) (per curiam). Here, Briggs fails to allege the existence of any particular custom or policy in Columbia County, much less one that caused the actions about which he complains; therefore, Sheriff Hunter is due to be dismissed from this action.

In addition, the State of Florida charged Briggs with fleeing a police officer and resisting an officer without violence in a Columbia County case arising from the incident, see State v. Briggs, Information, No. 12-2023-CF-231-AXXX (Fla. 3d Cir. Ct. March 29, 2023), and with violations of probation in a Marion County case, see State v. Briggs, Second Amended Affidavit Violation of Probation, No. 42-2017-CF-3126-AXXX (Fla. 5th Cir. Ct. March 24, 2023). The State nolle prossed the charges in the Columbia County case, noting Briggs "is currently on probation in Marion County and the State will be seeking an extensive incarceration in that jurisdiction." State v. Briggs,

Notice of Nolle Prosequi, No. 12-2023-CF-231-AXXX (Fla. 3d Cir. Ct. November 6, 2023). The Marion County case remains pending.[5]

To the extent Briggs requests that the Court intervene in his pending state court case, such a request is barred by the abstention doctrine and the principles of exhaustion and comity. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43–44 (1971); Butler v. Ala. Jud. Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending in state court free from federal court interference.") (citation omitted); Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022) ("Younger established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final."). "In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury

---

[5] Under Florida law, the State's nolle prosequi of the Columbia County charges does not preclude a Marion County judge from determining that a probation violation occurred based on the same conduct. See, e.g., State v. Mitchum, 227 So. 3d 697, 699 (Fla. 5th DCA 2017).

11

would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45). Here, Briggs has not provided any facts suggesting that any of these three exceptions to the abstention doctrine apply in his case.

Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of December, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 12/4
c:   Spencer L. Briggs, #22004606